# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHUN WARREN,

                    Petitioner,

v.                                          Case No. 24-MC-43-JPS
                                            Case No. 24-CV-1349-JPS

STATE OF WISCONSIN,

                    Respondent.             **ORDER**

---

## 1.    INTRODUCTION

Now before the Court is a motion for an extension of time to file a properly exhausted habeas petition under 28 U.S.C. § 2254. ECF No. 1. Petitioner Shun Warren ("Petitioner") writes that he has "[e]xhausted claims currently ripe for review" as well as "newly unexhausted claims" that he intends to first present before the state courts in order to avoid presenting this Court with a mixed petition. *Id.* at 1. He represents that his habeas petition "will be due to this Court October 30, 2024." *Id.*

Petitioner appears to be in state custody pursuant to a state conviction. *See* State of Wisconsin Offender Locator, *available at* https://appsdoc.wi.gov/lop/welcome (last visited Oct. 23, 2024) (noting Petitioner's status as "Incarcerated" at Racine Correctional Institution); Wisconsin Circuit Court Access, *available at* https://www.wicourts.gov/casesearch.htm (last visited Oct. 23, 2024) (listing three Wisconsin convictions for Petitioner, the most recent being a conviction in Milwaukee County Circuit Court Case No. 2002CF003088). It appears, based on Petitioner's submissions, that he intends to file a petition

for a writ of habeas corpus related to that most recent state conviction, *State of Wisconsin v. Shun Warren*, 2002CF003088 (Milwaukee Cnty. Cir Ct. 2002), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2002CF003088&countyNo=40&index=0 (last visited Oct. 23, 2024); ECF No. 2 at 1 (referencing Case No. 2002CF3088).

## 2.    ANALYSIS

### 2.1    Jurisdiction to Entertain the Motion

The Court must begin by addressing a jurisdictional roadblock. Petitioner moves for an extension of time in which to file a petition for a writ of habeas corpus, but he does not currently have an active, open habeas case. In such a circumstance, the Court typically lacks jurisdiction to grant the sought extension and must dismiss the case without prejudice. *See, e.g., Ureno v. Warden*, No. CV-16-09547 DSF (RAO), 2017 U.S. Dist. LEXIS 1809, at *2 (C.D. Cal. Jan. 4, 2017) (denying petitioner's motion for extension of time to file petition for writ of habeas corpus because "[a]s Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute or this Court to decide" (citing *Woodford v. Garceau*, 538 U.S. 202, 207–08 (2003)); *Bjorn v. Warden*, No. C-09-0714 JSW (PR), 2009 U.S. Dist. LEXIS 56211, at *3 (N.D. Cal. May 14, 2019) ("This Court has no authority to prospectively enlarge the limitations period and could not grant the requested relief without offending the Constitution's case or controversy requirement."); *Enfinger v. Dep't of Corr. Sec'y*, No. 3:21-cv-126-LC-MJF, 2021 U.S. Dist. LEXIS 37532, at *1–2 (N.D. Fla. Jan. 21, 2021) (recommending that case be dismissed for lack of jurisdiction where petitioner filed motion for enlargement of time to § 2254 motion), *report and*

*recommendation adopted* at *Enfinger v. Dep't of Corr. Sec'y*, No. 3:21-cv-126-LC-MJF, 2021 U.S. Dist. LEXIS 36199 (N.D. Fla. Feb. 26, 2021); *Evans v. Doe*, No. 19-CV-2768 (CM), 2019 U.S. Dist. LEXIS 65142, at *2–3 (S.D.N.Y. Apr. 12, 2019); *Williams v. Mich. Dep't of Corr.*, No. 22-cv-12923, 2023 U.S. Dist. LEXIS 98327, at *1 (E.D. Mich. June 6, 2023) ("Petitioner's motion for enlargement of time must be denied because he has not yet filed a habeas petition. Petitioner cannot request relief from his filing deadline before he has initiated a habeas case in this Court."). Petitioner's motion—to the extent that it is construed solely as a motion—is subject to denial, and this action to dismissal, on that basis.

That outcome would be avoided, however, if the Court were to construe the instant motion as a § 2254 habeas petition. The Court must consider whether such a construction would be appropriate. As a general matter, "[w]hen determining the character of a pro se filing, . . . courts should look to the substance of the filing rather than its label." *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) (citing *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) and *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002)). Indeed, while it is not labeled as a habeas petition, Petitioner's motion lists and details each of the grounds for relief that Petitioner intends to raise, rather than solely focusing on the need for more time. *Cf. Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (noting that courts cannot construe as habeas petitions motions for extensions of time to file habeas petitions that "focus[] exclusively on the need for more time," "d[o] not reveal any reasons justifying relief," and "do not specify all the grounds for relief available to the petitioner and state the facts supporting each ground" (citing Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts)).

On the other hand, the practice of construing filings as habeas petitions can sometimes create unintended consequences. The Seventh Circuit has accordingly cautioned district courts against doing so. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (citing *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) and *Copus v. Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996)) (holding that district court erred in recharacterizing a prisoner's pro se action for declaratory judgment as a habeas petition).

In this case, the Court does not believe that construing Petitioner's motion as a habeas petition would cause any unintended consequence or otherwise be inappropriate.[1] This case is distinct from those in which the Seventh Circuit concluded that the district court erred in construing a prisoner's filing as a petition for a writ of habeas corpus. For example, in *Moore*, the prisoner filed a civil action under 42 U.S.C. § 1983 seeking damages and other relief, but not seeking a release from custody. 110 F.3d at 23. Because he "d[id] not seek release from custody," it was error for the district court to construe his action as one of habeas corpus. *Id.*

---

[1]Although the Court concludes *infra* Section 2.2 that the motion construed as a habeas petition is an unauthorized successive petition and is therefore subject to dismissal, that result was inevitable and would have been reached regardless of whether the Court opted to construe the instant motion as a petition or waited until it received the petition that Petitioner represented he planned to send before "October 30, 2024." ECF No. 1 at 1.

In any event, "[p]risoners cannot avoid the [Antiterrorism and Effective Death Penalty Act's] rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) and *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000)). "[T]he name [of the filing] makes no difference. It is substance that controls." *Id.* (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

The same is not true here. Petitioner's motion, attachment, and exhibits make clear that he seeks to proceed in habeas corpus and intends to do so. He does not merely reference the desired extension of time but also lists "reasons justifying relief" and "specif[ies] all the grounds for relief available to" him. *Socha*, 763 F.3d at 683. The Court is therefore satisfied that it may properly construe Petitioner's motion for an extension of time and supporting materials as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will accordingly order the Clerk of Court to file Petitioner's submissions as a habeas corpus action under 28 U.S.C. § 2254.

### 2.2 Unauthorized Second or Successive Petition

Having concluded that it may interpret Petitioner's motion as a habeas petition in and of itself, the Court will next address the fact that this is not Petitioner's first attempt at seeking a writ of habeas corpus in federal court. Petitioner has already unsuccessfully sought a writ of habeas corpus as to his 2002 Milwaukee County conviction. *Shun Warren v. William J. Pollard*, Case No. 09-CV-919-CNC (E.D. Wis.).[2] In September 2009, Petitioner filed a § 2254 petition under 28 U.S.C. § 2254 with respect to Milwaukee County Case No. 2002CF003088. *Id.*, ECF No. 1. The petition raised eight claims:

> (1) The trial court committed reversible error in denying the motion to withdraw his plea and should have granted the motion due to his haste and confusion in the matter; (2) the "motion to withdraw the no contest plea for fair and just reason was credible because he made a prompt motion to withdraw"; (3) the court denied the motion to withdraw his plea "on improper grounds"; (4) postconviction and appellate counsel "failed to raise viable issues, [and] instead filed

---

[2] *See Warren v. Pollard*, No. 09-C-0919, 2011 U.S. Dist. LEXIS 139070 (E.D. Wis. Nov. 30, 2011), *aff'd*, 712 F.3d 1090 (7th Cir. 2013).

weaker and incomplete issues to withdraw [his] plea"; (5) trial counsel failed to properly inform him of the elements of the crime of which he was charged; (6) trial counsel failed to "properly investigate" a defense of mental disease or defect; (7) "the trial court considered improper and irrelevant information" at sentencing; and (8) the appellate court relied on a procedural bar and thus failed to rule on the merits of the motion to withdraw his plea.

*Id.*, ECF No. 26 at 2–3 (citing *id.*, ECF No. 1). The court consolidated the claims, interpreting "grounds 1 and 7 [as] form[ing] colorable constitutional claims of denial of due process," "grounds 4, 5, and 6 [as] form[ing] colorable constitutional claims of ineffective assistance of counsel," and "grounds 2, 3, and 8" as "[in]cognizable constitutional claims." *Id.* at 3.

In November 2011, the court denied that petition on its merits, concluding that "none of [Petitioner's] claims merit habeas relief." *Id.* at 3, 14. In April 2013, the Seventh Circuit affirmed that denial. *Id.*, ECF No. 47. These circumstances raise the question of whether the instant motion (construed as a petition) is second or successive.

"Because [Petitioner] already has one Section 225[4] [petition] to his name, his new filing must clear the jurisdictional hurdle imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA)," which "provides that a district court may not entertain a 'second or successive' [petition] filed by a . . . prisoner unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing §§ 2254(a) and 2255(h) and *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)).

Petitioner lists in his instant motion (construed as a habeas petition) the grounds for relief that he intends to eventually present. ECF No. 1 at 3–4. He contends, inter alia, that the circuit court "[u]se[d] inaccurate

sentencing procedures"; that the circuit court abused its discretion in declining to resentence Petitioner; ineffective assistance of trial counsel for "failure to properly . . . prepare herself with the case and present . . . defenses that were relevant"; ineffective assistance of trial counsel for "fail[ing] to present the true nature of [the] charges to" Petitioner; and that his plea was unknowing because the "trial court . . . fail[ed] to [en]sure . . . [that] [Petitioner] understood the . . . crime to which he pled and the punishment he faced." *Id.* At least some of the grounds he intends to raise are similar, if not identical, to grounds he already raised in his previous habeas petition and which both the district court and the Seventh Circuit rejected on their merits. *Warren v. Pollard*, Case No. 2:09-cv-00919-CNC, ECF Nos. 26, 47 (E.D. Wis.). Indeed, he writes that he "wishes *once and for all* to present these issues and claims," ECF No. 1 at 2 (emphasis added), which suggests that he has already attempted to raise them before.

While the AEDPA does not itself define "second or successive," *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011), the Court is nevertheless confident that the instant motion construed as a habeas petition is an unauthorized successive one. This is not a case in which "the previous petition was dismissed for technical reasons or failure to exhaust—that is, deficiencies a petitioner can cure before re-filing" such that "the subsequent petition does not constitute a 'second or successive' petition implicated in § 2244(d)." *Hardison v. Pugh*, No. 13-CV-1244, 2014 U.S. Dist. LEXIS 66107, at *4 (E.D. Wis. May 14, 2014) (citing *Hernandez v. Wallace*, 524 F. Supp. 2d 1097, 1099 (E.D. Wis. 2007)). To the contrary, the merits of Petitioner's grounds for relief were thoroughly considered and rejected, which rejection the Seventh Circuit affirmed. No. 2:09-cv-00919-CNC, ECF Nos. 26, 47. His previous federal habeas case was, in other

words, "the real thing" such that it may be deemed second or successive. *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000).

Petitioner was accordingly required to seek approval from the Seventh Circuit before attempting to present it to this Court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Nuñez*, 96 F.3d at 991 ("No matter how powerful a petitioner's showing, only th[e] [Court of Appeals] may authorize the commencement of a second or successive petition."); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("A second or successive collateral attack is permissible only if the court of appeals certifies that it rests on newly discovered evidence . . . or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" (quoting 28 U.S.C. § 2255(h)(2) and citing 28 U.S.C. § 2244(b))).

Petitioner makes no indication of having "ask[ed] t[he] [Seventh Circuit] for its permission to file his [petition]," so the Court "lack[s] jurisdiction to adjudicate it." *Obeid*, 707 F.3d at 901 (quoting *Nuñez*, 96 F.3d at 991); *cf. Melton*, 359 F.3d at 857 ("[The filing] therefore was a motion under § 2255, notwithstanding its caption, and the district court was obliged to dismiss it for want of jurisdiction because [the movant] had not received th[e] [Seventh Circuit's] permission to commence a second or successive collateral attack.").[3]

---

[3] Nor did the Court find, in its independent review on PACER, any such request for permission.

### 3.      CONCLUSION

In light of the foregoing, the Court must dismiss this habeas case without prejudice for lack of jurisdiction. Should Petitioner wish to place another petition for a writ of habeas corpus before this Court as to his 2002 Milwaukee County conviction, he must seek leave from the Seventh Circuit to do so and, if he receives such leave, he must present proof of it to this Court.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall file Petitioner's submissions as a habeas corpus action under 28 U.S.C. § 2254 and close miscellaneous case no. 24-MC-43;

**IT IS FURTHER ORDERED** that Petitioner Shun Warren's motion, ECF No. 1, be and the same is hereby **CONSTRUED** as a petition for a writ of habeas corpus under 28 U.S.C. § 2254;

**IT IS FURTHER ORDERED** that Petitioner Shun Warren's motion construed as a habeas petition, ECF No. 1, be and the same is hereby **DENIED** as an unauthorized successive petition; and

**IT IS FURTHERED ORDERED** that Petitioner's habeas action be and the same is hereby **DISMISSED without prejudice** for lack of jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge